EUGENE COSTIGAN AND MELINDA COSTIGAN v. ALLEN HOWARD, DAVID H. PRESTON, AND GEORGE C. GREEN.

*Chattel mortgage—Usury—Bill to enjoin foreclosure—Parties— Tender—Decree—Disclaimer—Costs.*

1. Where mortgagors file a bill to restrain the foreclosure of a chattel mortgage, and for its surrender to them on payment of the sum admitted by the bill to be due thereon, and which the complainants claim to have tendered to the assignee of the mortgage, and the court finds that the mortgage, so far as it had ever been a valid lien, was discharged by the tender, a decree should be made for the surrender of the mortgage upon payment of the amount of the tender.

2. Where a bill is filed by mortgagors to restrain the foreclosure by an assignee of a chattel mortgage which they claim is usurious and fraudulent, and for its surrender and discharge, and the court finds in their favor as to the usurious and fraudulent character of the .mortgage, and the mortgagees, who are joined as co-defendants with the assignee, assert, as does the assignee, that he is a *bona fide* purchaser of the mortgage and accompanying note, which issue is found against them by the court, the mortgagees cannot escape the payment of costs upon the ground that they disclaimed any interest in the securities; citing *Laprad v. Sherwood,* 79 Mich. 523.

Appeal from Wayne. (Hosmer, J.) Argued April 13, 1894. Decided May 18, 1894.

Bill to restrain the foreclosure of a chattel mortgage. Defendants appeal. Decree modified and affirmed. The facts are stated in the opinion.

*George R. Shaw* (*James H. Pound,* of counsel), for complainants.

*Elbridge F. Bacon,* for defendant Green.

*H. P. Davock,* for defendants Howard and Preston.

HOOKER, J. The complainants' bill asks that the defendants be restrained from foreclosing a chattel mortgage given by complainant Eugene Costigan, upon behalf of his wife, Melinda Costigan, and himself, to defendant Preston. They allege a tender of the amount remaining due, viz., $55.72, and ask a decree that upon payment of that sum the mortgage and note be delivered up.

The defendants answer severally; Preston and Green by the same solicitor. All assert the giving of the mortgage, and its non-payment, and deny that the complainants are entitled to any relief. All assert a *bona fide* conveyance of the note and mortgage to defendant Green from defendant Preston. Howard and Preston deny any interest in the mortgage. All of the answers are signed and verified by the respective defendants.

Complainants' evidence discloses the taking of a mortgage for $167, and later another for $129, and still later, after payment in part, a new mortgage for $225. The first was given September 10, 1888, the second, April 4, 1889, and the third, April 9, 1890. The consideration for the first mortgage was a loan of $125, followed soon after by a further loan of $30, and a bonus of $12. No further consideration clearly appears for the other mortgages, complainants asserting that they received no more money, and that they signed them under the representation that they were the amounts due for interest and bonus. It further showed payment of the money received, with interest at 10 per cent., except the sum of $55.72, and that a tender was made before suit of $60.

The defendant Green testified to a conversation with complainant Eugene Costigan to the effect that the $225 mortgage was all right, and that he did not want to talk about it in the presence of his wife, but would call and see him about it; that witness was a lawyer, and knew the complainant was a married man, and knew his wife could not join her husband in giving a note without an adequate consideration; that he did not rely upon the note, but did upon the mortgage. On cross-examination he said that he paid for the mortgage $215, which he had had in his safe for a year or two. His office adjoined that of Howard, who executed the assignment as attorney in fact of Preston, who was a resident of Canada. He contradicts the witness Shaw as to the tender.

Upon the undisputed testimony the mortgage was grossly usurious and fraudulent. Defendants Howard and Preston were not called upon the part of defendant Green, although he and Preston appear by the same counsel. We are cited to no testimony of his, and we find none, which shows him to be a purchaser in good faith. He says he paid $215 in

cash, before maturity, but he is apparently careful not to say that he understood or believed it to be an honest and valid debt.

The circuit judge, who saw the witnesses, found that the mortgage, so far as it had ever been a valid lien, was discharged by the tender; that Green was not a *bona fide* purchaser; and decreed that the mortgage be discharged. We have no disposition to disturb the finding of the circuit judge, which accords with our view of the testimony, but we think the decree went too far. Had this been a proceeding to foreclose the mortgage, it would have been proper to deny relief upon the ground that the same was discharged by the tender. The mortgagors, however, are here seeking relief, admitting an indebtedness of $55.72, and offering to pay it as a condition of relief, in accordance with the rule that "he who seeks equity must do equity."

It is contended that the bill should have been dismissed as to the other defendants, with costs, upon the ground that they disclaimed any interest in the mortgage and note. We think the language of Mr. Justice CAMPBELL in the case of *Laprad v. Sherwood*, 79 Mich. 523, is applicable to this case:

"The opinion directed the dismissal to be with costs to complainants against Sherwood; but, for some unexplained reason, the decree dismisses the bill, and is silent entirely about costs.

"The course taken below led to the exclusion of much testimony which, under the proper practice, the court should, and probably would, have admitted. It also allowed Sherwood an opportunity of swearing to facts which no one was alive to dispute, and which, as a party defendant, he could not have sworn to. The whole case made by the bill rested on allegations of wrong-doing in which he was the active party, and for which he was undoubtedly liable. If the mortgages should be held good because he has so manipulated them as to get them into hands where they

would be valid, he could not escape the consequences of his wrong, and should be compelled to make it good. No one can disclaim so as to avoid responsibility for wrong-doing. * * * * * * * * *

"The decree should be reversed, and relief granted to complainants as prayed. Costs of both courts must be awarded to them against Sherwood."

The decree of the circuit court will be affirmed, with the modification that complainants pay or allow to be set off against costs recovered by them the sum of $55.72. Defendant Green will recover costs of this Court. Complainants will recover costs against the other defendants.

The other Justices concurred.